In the Matter of MILTON M. BERGERMAN, Individually and as Chairman of the Citizens Union of the City of New York, Appellant, against ROBERT F. WAGNER, as Mayor of the City of New York, et al., Respondents.

First Department, November 13, 1956.

*Samuel D. Smoleff* for appellant.

*Anthony Curreri* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel*, attorney), for respondents.

FRANK, J. This is an appeal from an order dismissing an article 78 proceeding. The petitioner seeks an order directing: (1) the mayor and the commissioner of purchase to report to the court what investigation, if any, they made with respect to the qualifications of the director of purchase; (2) a nonjury trial to determine whether the director possesses the qualifications required by subdivision c of section 781 of the New York

City Charter; and (3) an order, if warranted, directing the removal of the director of purchase.

The charter provides: " c. The commissioner shall also appoint a director of purchase who shall have had at least five years' experience in purchasing with business enterprises which operate upon justified requisitions based upon stores control with perpetual inventories of stocks on hand and a director of stores who shall have had at least five years' experience as a storekeeper with a similar enterprise."

The petition charges that the commissioner of purchase appointed a person to the post of director of purchase who does not meet the charter requirements as above quoted.

The position in question is " in the exempt class of the classified civil service." Whether that office has been correctly classified by the Civil Service Commission is not before us nor are we called upon in this proceeding to determine that question.

The learned Justice at Special Term determined upon the papers before him that the director of purchase had established his experience at least for the minimum time required by the charter and there is ample proof in the record to sustain such a finding. The affidavits, including one from a certified public accountant, submitted on behalf of the respondents disclose that the director was continuously employed in the capacity specified in the charter provision for a period of nine years, or from 1945 to 1954, and then upon a temporary basis in the department of purchase for approximately one year before appointment. These statements under oath with respect to time of employment are not contradicted by the opposing affidavit.

It was upon these papers that Special Term indicated in its opinion, that no issue was raised and it also noted that, " The petitioner frankly disclaims any intention to reflect on De Meo's integrity or general business capacity."

Whether the commissioner should have selected someone else with similar or more extensive experience in preference to this director of purchase is not a subject for judicial determination. So long as his selection meets the minimal statutory requirement, the court may not substitute its own judgment for that of the commissioner in view of the unrestricted power reposed in him.

" The confidential character of a position, the importance of personal qualities which cannot be measured by any objective standards, which dictate the classification of a position in the exempt or non-competitive class, also dictate the conclusion that fitness for the position * * * can be determined only by the head of the department who has been given ' large liberty

of choice in selecting those who shall fill the positions.' "
(*Matter of Meenagh* v. *Dewey*, 286 N. Y. 292, 307.)

There are many positions which have been similarly classified by statute. The charter, for example, provides that one of the deputies of the city treasurer must be a certified public accountant; that at least two members of the board of health must be doctors with not less than 10 years' experience in certain fields; that one of the deputy commissioners of housing must have at least 10 years' experience as an architect, builder, or professional engineer; the commissioner of investigation must be a member of the Bar; one of the members of the board of standards and appeals must be a licensed architect with 15 years' experience and another must be a professional engineer with an equal period of experience. The mayor has the power to appoint certain judicial officers who must be members of the Bar admitted to practice for a minimum prescribed period of years. No power is given to the courts to review the action of the appointing official insofar as these positions are concerned other than with respect to the minimum statutory requirement.

The petitioner, in bringing this proceeding, has performed a salutary service. While it is true that the director was appointed after he had served on a temporary basis for approximately one year, it appears from the papers that the commissioner's initial investigation prior to the appointment of the director was perfunctorily performed. It was only after the commencement of these proceedings that a thorough examination into the qualifications of the director which should have been made in the first instance was had. Had the commissioner, in the first instance, checked the representations made in the statement of qualifications, he would have discovered, as the petitioner did, several inaccuracies. It is not for the court, however, to speculate as to whether these errors could have been satisfactorily explained before the appointment was made. Sufficient evidence was presented to Special Term, albeit for the first time, to support the commissioner's finding that his appointee possessed the minimal qualifications specified in the charter. Since, as already stated, the court may not review the commissioner's exercise of discretion beyond that point nor interfere with his power which is otherwise unlimited, there are no real issues of fact to be tried. The charter provisions which require specific aptitudes or professional licenses as a condition precedent to appointment to positions in the exempt class of city employees are designed to provide qualified persons for specialized service. There should be conscientious adherence to such provisos by those granted the power of appointment if the public service is to be benefited and the high standards

intended are to be maintained. Anything less smacks of willful disregard of the legislative purpose.

The order of the court below should be affirmed.

PECK, P. J. (dissenting). I am unable to concur in the conclusion of the court that this matter may be satisfactorily determined on the basis of the papers before us without a trial of the issue of fact.

The commissioner of purchase of the City of New York had a duty to make a thorough investigation of the qualifications of the person he would appoint as director of purchase to make certain that the appointee possessed the experience specified by the charter as a prerequisite to appointment. It was a complementary responsibility of any candidate for such appointment to submit a statement of qualifications which was accurate and truthful in the facts stated.

It is clear upon the record before Special Term and before this court that the statement of qualifications filed by the person appointed as director of purchase was highly inaccurate in many particulars. He grossly overstated his periods of employment with the named employers. It is doubtful that his experience with those companies met the qualitative requirements of the charter any more than the quantitative requirements.

As the opinion of the court observes, the commissioner's initial investigation prior to the appointment of the director was perfunctorily performed. Indeed it could hardly be termed an investigation at all. The commissioner was satisfied to accept without question a statement of qualifications which turned out to be wholly unreliable.

We are now told that a subsequently made record reveals that the appointee happened to have the required qualifications after all. The record is still equivocal in particulars and not beyond question overall.

It may be that the appointee does possess the required qualifications. But upon this record neither the commissioner nor his appointee is entitled to have the revised representations of qualifications accepted at face value. I would not be satisfied to have this matter concluded except by a trial of the issue of fact.

The order appealed from should be reversed and the motion granted to the extent of directing a trial of the issue of fact.

BOTEIN, RABIN and VALENTE, JJ., concur with FRANK, J.; PECK, P. J., dissents and votes to reverse, in opinion.

Order affirmed, with $20 costs and disbursements to the respondents.